**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARIA LOBATO-HIDALGO and LUIS HIDALGO, | : | |
| Plaintiffs, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 2:10-cv-03212 (WHW) |
| | : | |
| AMERICAN AIRLINES, INC., and AMR CORPORATION, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**<u>Walls, Senior District Judge</u>**

Plaintiffs Maria Lobato-Hidalgo and Luis Hidalgo ("Plaintiffs") move to reinstate their case against Defendants American Airlines, Inc. and AMR Corporation ("Defendants"). The motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 23, 2010, Plaintiffs filed suit against Defendants for an injury Maria Lobato-Hidalgo allegedly suffered when disembarking from a flight at Newark Liberty Airport. ECF No. 1 at 2-3, ¶5. In December 2011, Defendants notified the Court that they had recently entered bankruptcy proceedings. ECF No. 17. Those proceedings have been consolidated in the United States Bankruptcy Court for the Southern District of New York under the docket number 11-15463-shl. *Id.* In February 2012, because of the bankruptcy proceedings, this Court dismissed this action without prejudice and with leave to reopen "for good cause shown for the entry of any stipulation of [sic] order, or for any other purpose required to obtain a final determination of the litigation." ECF No. 19. On February 1, 2013, Plaintiffs' counsel asked the Court to lift the stay

NOT FOR PUBLICATION

according to an agreement the parties had entered. ECF No. 20. In that agreement, Defendants agreed to modify the automatic stay with respect to Plaintiffs' Injury & Damage claims, allowing them to go forward subject to the Bankruptcy Court's order and "solely to the extent of Available and Collectible [insurance] Coverage." ECF No. 20-1 at 3. On April 30, 2013, Plaintiffs filed this motion to reinstate their cause of action. ECF No. 21. Defendants do not oppose it.

STANDARD OF REVIEW

Filing for bankruptcy triggers an "automatic stay" of any judicial action commenced against the debtor before the bankruptcy filing. 11 U.S.C. § 362(a)(1) (Westlaw 2010). The parties may modify the stay "for cause" under 11 U.S.C. § 362(d)(1). The statute "does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case." *In re Stone Res., Inc.*, 482 F. App'x 719, 722 (3d Cir. 2012) (citation omitted). That discretion lies with the bankruptcy court: "Only the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor." *Mar. Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991).

DISCUSSION

The Bankruptcy Court in the Southern District of New York determined that there was just cause to grant relief from the automatic stay. Order Pursuant to 11 U.S.C. § 362(d)(1), *In re AMR Corp.*, No. 11-15463-shl (Bankr. S.D.N.Y. Jan. 27, 2012), ECF No. 908 at 2. That order provides a form agreement for parties to use, *id.* Ex. A, and the parties' agreement relies upon it as a model. The agreement provides that Plaintiffs' case may proceed subject to the Bankruptcy Court's order and only to the extent of the Available and Collectible Coverage. ECF No. 20-1 at 4 ¶ 4.

2

**NOT FOR PUBLICATION**

The Bankruptcy Court's order granting relief from the automatic stay constitutes a legitimate "purpose required to obtain a final determination of the litigation." This Court agrees with Plaintiffs that "[r]einstatement of this matter is justified in that it would be a more effective use of judicial resources than filing the complaint anew." Pls.' Mem. of Law, Apr. 30, 2012, ECF No. 21.

## CONCLUSION

Plaintiffs' motion to reinstate is granted.

<u>**s/ William H. Walls**</u>
United States Senior District Judge