NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARIA HIDALGO-LOBATO and LUIS LOBATO, | : : : | |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | No. 2:10-cv-3212 (WHW) |
| AMERICAN AIRLINES, INC., and AMR CORPORATION, | : : : : | |
| Defendants. | : : | |

**Walls, Senior District Judge**

Defendants American Airlines, Inc. and AMR Corporation ("Defendants") move for summary judgment against Plaintiffs Maria Hidalgo-Lobato and Luis Lobato ("Plaintiffs"). The motion, decided without oral argument under Federal Rule of Civil Procedure 78(b), is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 18, 2009, Plaintiff Maria Hidalgo-Lobato travelled on an American Airlines flight from Ecuador to Newark Liberty International Airport. Pl. Compl. ¶ 4. Shortly after exiting the plane, as she was walking on the jetbridge, also referred as the airplane ramp, that connects the airplane to the terminal, she tripped and fell, fracturing her humerus. *Id.* ¶ 5.

Ms. Hidalgo-Lobato does not know what caused her to fall, except that it was "something hard" beneath the carpet. Hidalgo-Lobato Dep. 20:13-22 (ECF No. 11-4). Her daughter, Maria Lobato, who was present at the time of the incident, testified that she does not know what caused the fall either, but she felt with her foot a "metal joint" under the carpet that created a bump. Lobato Dep. 17:17-19:8 (ECF No. 11-5).

1

**NOT FOR PUBLICATION**

Hidalgo-Lobato and her husband, Luis Lobato, sued Defendants under Section 601(b) of the Federal Aviation Act of 1958 (49 U.S.C. § 1301 *et seq.*) and under the Warsaw Convention, 49 U.S.C. § 40105 *et seq.*; Compl. at 1-2. The former claim alleges negligence, the latter claim alleges strict liability. *Id.* at 3, 4. Plaintiff husband asserts a state law claim for loss of consortium. *Id.* at 4. Defendants answered the complaint, asserting (among other defenses) that Plaintiff Hidalgo-Lobato's own negligence "either caused or contributed to" the accident and damages she suffered. Defs.' Answer, at 4 (ECF No. 3).

In 2011, each side moved for summary judgment. ECF Nos. 9-16. In December 2011, Defendants informed the Court that they had filed for bankruptcy protection and that this action was thus subject to the automatic stay found in 11 U.S.C. §§ 362(a)(1), (3). Notice of Suggestion of Bankruptcy (ECF No. 17). The Court responded by dismissing the case administratively without prejudice. Order Dismissing Case, Feb. 14, 2012 (ECF No. 19). On February 1, 2013, the parties informed the Court that they had agreed to allow the case to proceed despite the pending bankruptcy, subject to certain limitations. Letter from Pls.' Counsel (ECF No. 20). On April 30, 2013, Plaintiffs moved to reopen the case and the Court granted the motion. ECF Nos. 21-23.

On February 19, 2014, Defendants once again moved for summary judgment. ECF No. 25. Plaintiffs opposed the motion and Defendants replied. ECF Nos. 27, 28. The parties have not briefed what effect the bankruptcy stay and the lifting of that stay have on the 2011 motions for summary judgment, so the Court will not decide those motions.

**NOT FOR PUBLICATION**

## DISCUSSION

**I.     Standard under the Montreal Convention**

The parties agree that the Montreal Convention, also known as the Convention for the Unification of Certain Rules for International Carriage by Air, which supplanted the Warsaw Convention, is the sole means for recovery of personal injuries sustained during international air travel. Pls.' Mot. for Summ. J. (June 27, 2011) ("Pls.' 2011 Motion"), at 4 (citing *El Al Israel Airlines v. Tseng*, 525 U.S. 155, 161 (1999)) (ECF No. 10-1); Defs.' Mot. for Summ. J. (Feb. 19, 2014) ("Defs.' 2014 Motion"), at 5 (citing same) (ECF No. 25-1).[1]

Article 17 of the Convention reads:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Convention for the Unification of Certain Rules for Int'l Carriage by Air art. 17, May 28, 1999 (entered into force on Nov. 4, 2003), S. Treaty Doc. No. 106-45, 1999 WL 33292734, at *16-17. This breaks down to three required showings: (1) an "accident" leading to (2) injury or death (3) that occurred while the passenger was onboard the flight or while "embarking and disembarking." *Waters v. Port Auth. of N.Y. & N.J.*, 158 F. Supp. 2d 415, 423 (D.N.J. 2001) (citing *Tseng*, 122 F.3d 99, 102 (3d Cir. 1997), *rev'd on other grounds*, 525 U.S. 155 (1999)).

---

[1] Though Defendants' brief refers to the Montreal Agreement, it quotes the language of and provides the Westlaw citation for the Montreal Convention. The Montreal Agreement is a 1966 "private agreement among airlines that has been approved by the United States Government." *Air France v. Saks*, 470 U.S. 392, 395 (1985) (citing Liability Limitations of Warsaw Convention and Hague Protocol, 31 Fed. Reg. 7302-01 (May 19, 1966)). The Montreal Convention is a 1999 treaty, "not to be confused with the MP4 [Montreal Protocol 4] or Montreal Agreement." *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 780 (7th Cir. 2008). If the Defendants intentionally cited the Montreal Agreement, they have not explained why. Regardless, the Court concludes that the Montreal Convention governs.

**NOT FOR PUBLICATION**

Defendants moved for summary judgment in 2011, claiming that there had been no showing that an "accident" had occurred. Defs.' Mot. for Summ. J. (June 23, 2011) (ECF No. 9-1). Plaintiff opposed and filed its own motion for summary judgment, claiming it had sufficiently made all three showings. Pls.' Opp'n to Defs.' 2011 Mot. for Summ. J. (July 11, 2011) (ECF No. 14); Pls.' 2011 Motion at 5-9. As Defendants point out, though their 2014 motion is a carbon copy of their 2011 motion, Plaintiffs have composed a new opposition. Defs.' Reply (March 19, 2014) at 5 n.1 (ECF No. 28). This time around, Plaintiffs' primary argument in opposition is that whether an "accident" occurred is a question of fact for the jury. Pl.'s Opp'n to Def.'s 2014 Mot. (March 5, 2014) (ECF No. 27).

a) **There is a genuine issue of material fact about whether an "accident" occurred.**

An airline can be liable under Article 17 only if "a passenger's injury is caused by an unexpected or unusual event or happening that is external to the passenger." *Air France*, 470 U.S. at 405. "This definition should be flexibly applied after assessment of all the circumstances surrounding a passenger's injuries." *Id.* (citation omitted). Whether an accident has occurred is a question of fact: "In cases where there is contradictory evidence, it is for the trier of fact to decide whether an 'accident' as here defined caused the passenger's injury," with the caveat that there is no accident "when the injury indisputably results from the passenger's own internal reaction to the usual, normal, and expected operation of the aircraft." *Id. See also Manion v. Am. Airlines, Inc.*, 17 F. Supp. 2d 1, 5 (D.D.C. 1997) ("Summary judgment can only be granted if, as a matter of law, the Court concludes that plaintiff's injuries were not caused by an accident pursuant to the Warsaw Convention.").

Cases from the Third Circuit discussing *Saks* involve facts too different to be helpful here, but a decision from the Second Circuit is persuasive. In *Magan v. Lufthansa German*

**NOT FOR PUBLICATION**

*Airlines*, Plaintiff was injured when his flight encountered turbulence. 339 F.3d 158, 160 (2d Cir. 2003). The District Court adopted the Federal Aviation Administration's distinction between "light" or "moderate" turbulence and "severe" or "extreme" turbulence, and held that only the latter constitutes an "accident" under the Warsaw Convention because light turbulence is common and severe turbulence is "exceedingly rare." *Magan v. Lufthansa German Airlines,* 181 F. Supp. 2d 396, 401 (S.D.N.Y. 2002), *rev'd*, 339 F.3d 158 (2d Cir. 2003). The Court granted the airline's motion for summary judgment. *Id.* at 404. But the Second Circuit reversed, concluding that genuine issues of material fact remained regarding both what type of turbulence is normal for a given flight and what type occurred on the flight in question. 339 F.3d at 165. It held that the court below was wrong to decide as a matter of law that some types of turbulence are always accidents and other types are never accidents. *Id.* Second, the panel held that the differing assessments of the turbulence by the plaintiff's witnesses and the flight crew amounted to sufficient "contradictory evidence" requiring the question to go to a jury. *Id.* at 165-66.

Here there are genuine issues of material fact about the usual condition of an airport jetbridge, including the appearance or size of any bumps or ridges below the carpet, caused by metal joints or otherwise. And the parties dispute the condition of the jetbridge at the time of Plaintiff wife's fall.

Cases cited by Defendants are off the mark: In *Sethy v. Malev-Hungarian Airlines*, the court found no accident when a passenger tripped over luggage left in the aisle during boarding. No. 98-cv-8722 (AGS), 2000 WL 1234660, at *4 (S.D.N.Y. Aug. 31, 2000), *aff'd*, 13 Fed. Appx. 18 (2d Cir. 2001). In *Rafailov v. El Al Israel Airlines*, the court found no accident where a passenger slipped during the flight on a plastic bag left under a seat. No. 06-cv-13318 (GBD), 2008 WL 2047610, at *3 (S.D.N.Y. May 13, 2008). And in *Ugaz v. American Airlines*, the court

found no accident when a plaintiff fell on an inoperable escalator—an escalator that had stopped and become, effectively, a stair. 576 F. Supp. 2d 1354, 1365 (S.D. Fla. 2008). Those courts granted summary judgment to defendant airlines, but they are distinguishable from ours. In *Sethy*, *Rafailov*, and *Ugaz*, it was clear that the cause of the plaintiff's injury was something one would expect to encounter during air travel. Here, there is a genuine issue of material fact as to whether the condition of the jetbridge was typical or expected.

On the other hand, courts have at times decided on summary judgment that an event is an accident, like an airline's failure to remove a hypodermic needle from a seat, *Waxman v. C.I.S. Mexicana de Aviacio, S.A. De C.V.*, 13 F. Supp. 2d 508, 512 (S.D.N.Y. 1998), or an airline's failure to monitor an overhead compartment from which liquor bottles fell, *Maxwell v. Aer Lingus, Ltd.*, 122 F. Supp. 2d 210, 212-13 (D. Mass. 2000). *See also Gezzi v. British Airways PLC*, 991 F.2d 603, 604 (9th Cir. 1993) (per curiam) (affirming finding of district court after a bench trial that presence of water on stairs was an accident); *Alleyn v. Port Authority of New York*, 58 F. Supp. 2d 15, 18 (E.D.N.Y. 1999) (noting that parties did not dispute whether the step of an escalator collapsing was an accident).

In this case, the trial jury will decide those issues.

## CONCLUSION

Defendants' motion for summary judgment is denied.

June 4, 2014

/s/ **William H. Walls**
United States Senior District Judge